CASE 44—CONTRACTS—OCTOBER 14, 1884.

# Worthington v. The City of Covington.

APPEAL FROM KENTON CHANCERY COURT.

The charter of the city of Covington requires that all contracts for street improvements shall be referred to a committee of the city council.

1. *Held*—In this case the contract was made for the street improvement without such reference, and the lot owner can not be compelled to pay the cost of the improvement.

2. The corporation can not compel payment by the property owner, if it has proceeded in violation of the law, from which alone it derives its power.

3. Public policy and the protection of private property demand that the corporation shall comply with its charter.

S. F. HALLAM FOR APPELLANT.

1. The work was for the general benefit of the whole city.

2. The proceedings of the city council are defective, in that no reference was made to the committee on law and the city attorney before the contract was awarded. In the strict construction of their extraordinary assessing powers, this defect renders void the whole proceeding.

3. An assessment must wholly stand or fall as made. It can not be so modified as to make it irregular as to rates.

4. No part of such work can be done in the city of Covington, otherwise than by contract. (65 Penn. St. Rep., 155; Session Acts, 1865, volume 1, page 412; Cooley on Taxation, 2; 21 Penn. Stat., 147; Lexington v. McQuillan, 9 Dana, 516; Covington v. Southgate, 15 B. Mon., 495; Louisville v. Rolling Mill Co., 3 Bush, 416; 69 Penn. Stat., 358; Keasy v. Louisville, 4 Dana, 154; Henderson v. Lambert, 14 Bush, 24; Murphy v. Louisville, 9 *Ib.*, 189; Preston v. Roberts, 12 *Ib.*, 590.)

JNO. P. HARRISON AND M. L. ROBERTS FOR APPELLEE.

1. The proceedings of the council of the city of Covington are public record. (City Charter, pages 36 and 37.) Appellant was bound to know what was being done, and yet made no effort to prevent the work from being done. It is now too late for the property owner to object after the work is finished.

2. The ordinance specially sets forth the work to be done, and the only matter in which the lot owner is interested is in having the work well done.

3. The council has acted faithfully in the discharge of its duties, and the

lot owners should be compelled to pay their assessments. (11 Bush,. 554; Broadway Baptist Church v. McAtee, 8 *Ib.*, 516; Preston v.. Roberts, 12 *Ib.*, 589; 9 Paige, 24; 15 Ohio St. Rep., 67; 24 Ind., 140; Dillon's Municipal Corp., volume 1, section 248; Keasy v. Louisville, 4 Dana, 154; 15 B. Mon., 408; 9 Bush 264; 8 *Ib.*, 419.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

This appeal involves the right of the appellee, the city of Covington, to compel the appellant, Henry Worthington, to pay an assessment for the improvement of one of its streets, abutting upon his property.

Having enjoined its collection, and his injunction having been dissolved in part by the court below, he now urges various reasons for the reversal of the judgment; but as one of them is in our opinion decisive of the matter, it is needless to notice the others.

It is, however, proper to remark that while the council or municipal legislature of a city can not exercise such an arbitrary and unlimited power as to amount to legislative spoliation, yet the necessity and propriety of improving a street is a matter in its discretion; and if an assessment is made by it for such a purpose, it is final, unless the power has expressly been given to some tribunal to review it; and, upon the former hearing of this case, the attention of the court was not called to the fact that, by an act of the Legislature of February 24, 1865, the power had been conferred upon the courts to correct, equalize and regulate assessments made by the council of the city of Covington upon property in that city for street improvements; and that, therefore, the lower court had properly exercised this power. (Acts of 1865, volume 1, page 412.)

Section 12, of an act to amend the charter of the city of Covington, approved March 9, 1868, reads thus:

"Hereafter, before any contract shall be made by the council, for any work to be done in the construction or improvement of any street or alley, and other public improvement in the city of Covington, the proceedings of the council, with reference thereto, *shall* be referred to the committee on law, in conjunction with the city attorney, who shall examine said proceedings and shall ascertain and report to the council whether said proceedings are regular, and in accordance with the provisions of the charter and amendments thereto, and whether the city will be liable for the cost of said construction or improvement." (Acts of 1867-8, volume 2, page 431.)

In the case under consideration this was not done, and a contract made by a municipal corporation for the improvement of a street, must be executed in conformity to the statute.

It is the agent of the law, and authority delegated to it must be strictly pursued.

The power to make the improvement, and then compel the lot owner to pay for it, while not entirely unlimited, is of an absolute character. It is liable to abuse, and may in some cases be oppressive.

It exists by virtue of the statute only, and not by the common law.

It can not be enlarged by implication, and the corporation can not compel payment to it by the property owner, if it has proceeded in violation of, or not in accordance with, the law from which it alone derives its power. (8 Bush, 508, Broadway Baptist Church, &c.,

v. McAtee, &c.; 9 Bush, 189, Murphy v. City of Louisville.)

In the case of Woods v. The City of Covington (MS. opinion, June 25, 1881), the contractor sued both the city and the lot owner for the contract price of a street improvement, and this court held that the city council had no power to make the contract without first referring their proceedings to its law committee; and that the provision of the charter above quoted was mandatory and not merely directory.

Public policy, as well as the protection of private property, demanded this conclusion.

The manifest object was to prevent improvident legislation by the city council; to create a circumspect body that would stand between the street contractor and the city treasury; between the lot owner and the tax collector; between the citizen and the almost absolute power of the city council, and see that no wrong was committed.

The council, not having taken the steps which gave it a right to contract, or to create a lien upon the lots of the appellant for the cost of the improvement in question, and which action was a condition precedent to the exercise of its power to do so, or to make the assessment, the judgment below is reversed and cause remanded, with directions to render a judgment making the plaintiff's injunction perpetual, and for any further necessary proceedings in conformity to this opinion.