WALTER F. BREATH, GUARDIAN, ET AL. V. CITY OF GALVESTON.

No. 725. Decided February 20, 1899.

1. **Street Improvements—Local Assessments.**

In imposing an obligation and lien for cost of street improvements upon an abutting lot owner, compliance with each step prescribed by the charter is an element essential to establish liability. (P. 456.)

2. **Same—Contract—Advertising for Bids.**

Where the charter of a city (Galveston, sections 127, 128, 174, Special Laws, 1891,

pp. 66, 73) prescribes that commissioners shall advertise for the work of street improvements according to plans and specifications adopted by the council and let the work by contract, unless upon their recommendation the council order it done by day's work, a petition against a lot owner to recover assessments and foreclose lien for work done by contract must allege the publication of an advertisement for bids for doing the work.   (Pp. 456, 457.)

ERROR to the Court of Civil Appeals for the First District, in an appeal from Galveston County.

Breath and others obtained a writ of error from the Supreme Court upon the affirmance by the Court of Civil Appeals of a judgment of the District Court holding them liable for and foreclosing a lien for cost of street improvements, from which they had appealed.

*L. E. Trezevant*, for plaintiffs in error.—The most fundamental and imperative of the general principles of law that govern street assessments is, that the statute authorizing an improvement must be strictly followed. The observance of every one of the essential requirements must be regarded as a condition precedent to any valid assessment; none of the steps can be regarded as directory merely. Cool. on Tax., 659. Each act essential to be done is essential to the exercise of jurisdiction and each act must be rigidly performed. Beach on Pub. Corp., sec. 1177.

It is a rule of pleading that whether a precedent condition be imposed in a statute giving a right of action or be provided by contract or exists by force of some principle of common or statute law the petition must, by the settled rules of pleading, state every fact essential to the cause of action as well as those necessary to give the court jurisdiction to entertain the particular proceeding. 4 Enc. of Pl. and Pr., 628. Plaintiffs in error insist that under a correct interpretation of the law their special demurrer is good and ought to be sustained.

*R. Waverly Smith*, City Attorney, and *J. S. Wheless*, for defendant in error.—The error, if any, of the District Court in overruling the said special exception to plaintiff's petition on the ground that it failed to allege that the said work was advertised by the board of public works was immaterial error, and not such an error as will warrant the Supreme Court in reversing and remanding a cause wherein it is apparent that substantial justice was done, and the result of another trial would not be different. Day v. Stone, 59 Texas, 612; Dwyer v. Hosea, 1 Posey's U. C., 596; Newton v. Emerson, 66 Texas, 142.

The charter of the city of Galveston does not require that contracts for the improvement of its streets by filling, grading, or paving the same shall be let to the lowest bidder, and the city council may, upon the recommendation of the board of public works, authorize said work to be done by day's work; and in the absence of averment and proof that the cost of the improvement would have been less had the board of public works advertised for bids, the court must presume that the acts of the

said board in respect to the letting of said contract were regular, the burden being upon the property owner to aver and prove to the contrary .

DENMAN, Associate Justice.—The city of Galveston brought this suit against Breath and others to recover two assessments for the filling and paving of streets on which a lot owned by defendants fronted, and to foreclose a lien therefor upon same.   The petition shows that the work was done by contract, but does not allege that an advertisement for bids for the doing of the work was ever made or published by the board of public works.   Defendants excepted to the petition for want of such allegation, which exception was overruled by the trial court, and upon hearing judgment was rendered for the city for the amount of the assessments and for foreclosure of the lien therefor.   Breath and others having appealed from this judgment to the Court of Civil Appeals, assigning the overruling of such exception as error, and the Court of Civil Appeals having overruled such assignment and affirmed the judgment, they have brought the cause to this court upon writ of error, complaining that the Court of Civil Appeals erred in not sustaining said assignment.

In this character of proceeding the purpose is to impose upon the owner and his property without his actual participation or consent a pecuniary obligation and lien; in other words, when certain steps prescribed by the charter have been taken, *the law imposes the obligation and lien*.   Therefore, each step is an essential element of this imposed obligation and lien; and the absence of any one is as fatal as is the absence of any of the essential elements of an ordinary contract in a suit upon a private agreement.   If the advertisement is one of the steps prescribed by the charter, no obligation or lien can exist in the absence thereof any more than there would be in the case of an ordinary agreement in the absence of a consideration.   Of course, if the advertisement was necessary to the creation of the obligation and lien, the petition seeking to show their existence as a basis of recovery is fatally defective in not alleging such advertisement.   The sole question then is, does the charter of the city prescribe the advertisement as one of the steps to be taken in proceeding to impose the obligation or lien.   We are of opinion that it does.   The provisions of the charter bearing upon the question will be found in sections 127, 128, and 174 thereof.   Special Laws Regular Session 1891, pp. 66, 73.

Section 127 confers upon the city council full power and authority to do the work, and imposes upon abutting property owners an obligation to pay certain proportion of the costs, fixing the same as a lien upon such property.   Sections 128 and 174 require the council before beginning the improvements to require certain estimates of the probable cost thereof to be furnished it, and section 128 also provides that upon consideration of the reports or estimates the council shall determine whether or not the work or improvements shall be made.   It will be observed

that up to this point the council has acted only on estimates and not upon any certain evidence as to what the actual cost of the work would be. At this point in the proceeding a portion of section 174 provides, "after the city council has duly adopted by resolution what work or improvements shall be undertaken and has stipulated its extent, it shall be the duty of the commissioners" (the word commissioners here referring to a board called "the commissioners of public works," to consist of five members, one of whom shall be the city engineer, provided for by said section 174) "to advertise for the work according to plans and specifications to be made and adopted by them, and shall let the work by contract, except where the city council may upon recommendation from said board authorize the work to be done by day's work; and all contracts shall be subject to approval by the city council, and shall be signed by the mayor and countersigned by the city clerk before the same shall take effect."

Under this provision the "commissioners" are required either to advertise and let the work by contract, or to recommend to the council that it be done by day's work and procure its order to that effect. In New York, where the charter required the work to be contracted for after advertisement unless the contract was dispensed with by the council, it was held that work done without advertisement and contract imposed no liability where no order of the council was shown dispensing with contract. In re Robbins, 82 N. Y., 131; In re Lange, 85 N. Y., 307. So, under the provision above quoted, if the work were done by day labor it would be necessary to allege an order of the council authorizing it to be so done, and where done by contract, as is alleged in the case before us, the advertisement must be shown. This is particularly true as to contract work, for the contract can not take effect until approved by the council, signed by the mayor, and countersigned by the city clerk. The advertisement would tend to secure low bids and give the property owner an opportunity to know what was being done, and to protest both before the commissioners, and finally before the council if he desired, to prevent the contract becoming effective. Flewellin v. Proetzel, 80 Texas, 191; Wilkins v. Detroit, 46 Mich., 124; Upington v. Oviatt, 24 Ohio St., 245; Worthington v. Covington, 82 Ky., 265. While we advert to the probable advantage of the advertisement to the owner in the present case, we do not wish to be understood as resting our opinion on that fact; for if it be clear that the charter intended advertisement as one of the steps to be taken in the proceeding to impose the obligation and lien, the courts would have no right to override the legislative intent by subjecting the owner and his property in the absence thereof.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*