**SCANLAN et al. v. CONTINENTAL INV. CO.**

**No. 9768.**

Court of Civil Appeals of Texas. Galveston.

March 25, 1935.

Rehearing Denied April 23, 1936.

Walter F. Brown, of Houston, for appellants.

Willett Wilson, Wm. D. Orem, and Elbert Roberts, all of Houston, for appellee.

LANE, Justice.

A petition signed by 56 per cent. of those owning real property abutting on that part of Leeland avenue in the city of Houston between its intersection with the west line of Scott street and its intersection with the west line of Telephone Road street was duly presented to the city council of the city of Houston, wherein the properties of each owner abutting on such part of the street were described by block and lot number, giving the number of feet of the several properties and the name of the owner or owners thereof.

At the time of the presentation of said petition three sisters, Miss Kate Scanlan and two of her sisters, owned certain lots in certain blocks, described in the petition as abutting on that part of the street mentioned in the petition. Such lots in said blocks were described in the petition as belonging to a partnership composed of the three sisters, Kate Scanlan being named as sole manager of said properties. After the presentation of the petition, all steps preliminary to levying the special assessment against the properties to be paved were taken by the city council, as well as others provided by the city charter of the city of Houston, such as a determination by the council of the necessity for the improvements petitioned for, the order of the city council authorizing such improvements to be made, notice given to the property owners of the times and places set for hearings, first, as to the necessity for the improvements, and, second, as to assessments and benefits. The council met at such times and places mentioned for such hearings. No one appearing at either of the meetings held for such purposes to protest any matter looking to the improvements, nor any protest whatever,

whereupon the meetings of the council for such purposes were closed. After such meetings were closed, the city council duly ordered the city engineer to prepare plans and specifications of the work to be performed, and after such plans and specifications had been made by the engineer as ordered, advertisement for bids to do the work were made as provided by the city charter.

On the 30th day of March, 1930, by an enactment of an ordinance, the city council recited the existence of the steps taken and acts done, above stated, and that the city engineer had filed with the council his report as required by the city charter, and that such report had been examined and approved by said council.

Thereafter a contract to make said improvements was entered into, and after the improvements were completed and accepted, a paving certificate was issued to the contractor who had completed the improvements purporting to create an indebtedness against the Scanlan sisters jointly, and a lien upon property abutting on the paved street. Such certificate was transferred to and became the property of the Continental Investment Company.

Some one or more of the installments of the certificate became due and unpaid, and upon the failure and refusal of the Scanlan sisters to pay them, the Continental Investment Company declared the certificate due and unpaid and instituted this suit against Kate Scanlan, Lillian Scanlan, and Stella Scanlan to recover $5,591.45, the sum evidenced by the certificate, with interest thereon from the 12th day of February, 1930, and for $2,000 as attorney's fees, as provided by the certificate, and for a foreclosure of its purported lien on the property of the Scanlan sisters abutting on the paved street.

Defendants answered by general demurrer and general denial only.

A jury was chosen to try the cause, but when both parties had closed their evidence the court instructed the jury to return a verdict for the plaintiff against all of the defendants for the sum of $5,591.45, same being the amount called for in the certificate sued upon, together with interest thereon amounting to $481.07, and for a foreclosure of the paving lien on the land described in plaintiff's petition. The court then submitted three special issues to the jury, as follows:

"Special Issue No. 1: What is a reasonable attorney's fee for plaintiff for the preparation for trial of this case in the trial court? Answer by stating the amount.

"Special Issue No. 2: What is a reasonable attorney's fee for plaintiff for appeal of this cause in the Court of Civil Appeals as appellee? Answer by stating the amount.

"Special Issue No. 3: What is a reasonable attorney's fee for plaintiff for appeal of this cause in the Supreme Court as appellee? Answer by stating the amount."

The jury returned their verdict in favor of plaintiff for the two sums of $5,591.45 and $481.07, as instructed by the court, and in answer to the respective issues they found: No. 1, $800; No. 2, $100; and No. 3, $100.

Upon the verdict of the jury the court rendered judgment for the two sums of $5,591.45 and $481.07, and for $1,000 as attorney's fees, and provided in the judgment that in the event an appeal is not prosecuted by defendants, the judgment shall be and is entitled to a credit of $200; that if an appeal is taken to the Court of Civil Appeals but not to the Supreme Court, the judgment shall be credited with $100.

It is further adjudged that each of the defendants may pay off her proportionate part of the judgment, which is one-third, and upon such payment all the right, title, and interest of such defendant in the property shall be fully released from the lien declared and foreclosed.

From such judgment, all the defendants have appealed to this court.

Appellants for reversal of the judgment, among other things, contend that the same is based on a paving certificate issued upon a joint assessment against all of appellants for the undivided interest in a certain piece or parcel of land; that such joint assessment and certificate are invalid and will not support the judgment rendered.

The 40th Legislature at its First Called Session in 1927 passed an act (chapter 106 [Vernon's Ann.Civ.St. art. 1105b]) known as the "Home Rule" provision. Section 11 of such act (Vernon's Ann.Civ.St. art. 1105b, § 11) reads as follows:

"Sec. 11. Assessments against several parcels of property may be made in one assessment when owned by the same person, firm, corporation or estate, and prop-

erty owned jointly by one or more persons, firms or corporations, may be assessed jointly."

Article 2, section 2, subdivision (b), of the charter of the city of Houston, as it existed at the time and prior to the passage of such act of the 40th Legislature above mentioned, provides as follows:

"The city shall have all powers that are or hereafter may be granted to municipalities by the Constitution or laws of Texas; and all such powers, whether expressed or implied, shall be exercised and enforced in the manner prescribed by this charter, or when not prescribed herein, in such manner as shall be provided by ordinance or resolution of the council."

This court held in an opinion filed in this court at the present term that such act became a part of the city charter of the city of Houston, and, so holding, we further held that the joint assessment was a valid assessment and that the certificate issued by virtue thereof was a valid and binding obligation of the Scanlan sisters in favor of the holders thereof, and, so holding, affirmed the judgment of the trial court.

Pending a motion for rehearing made by the Scanlan sisters, this court certified to the Supreme Court the question:

"Did section 11 of the Acts of the 40th Legislature (chapter 106) above mentioned become a part of the charter of the city of Houston upon the passage of said act by virtue of the provisions of article 2, section 2, subdivision (b), of the city charter, above quoted?"

The Supreme Court answered such question, holding that section 11 of the act of the 40th Legislature did not become a part of the city charter of Houston. The opinion of the Supreme Court answering such question is published in 87 S.W.(2d) 476.

Upon a receipt of such answer of the Supreme Court, we set aside our former opinion and reversed the judgment of the trial court and rendered judgment in favor of appellants, the Scanlan sisters.

The Continental Investment Company, the appellee in whose favor the trial court rendered judgment, by motion for rehearing insists that this court erred in rendering judgment for appellants, in that justice can be best served by reversing the judgment of the trial court and remanding the cause for retrial without prejudice to any proceedings which any of the

parties might have the right to institute in the premises. Appellee insists that the right to a re-assessment for correction of the mistake in making the joint assessment in question is authorized by the charter of the city of Houston and the Revised Statutes of this state, citing Scanlan v. Gulf Bitulithic Co. (Tex.Com.App.) 44 S.W. (2d) 967, 80 A.L.R. 852; Houston city charter, art. 2, § 2; art. 4a, §§ 9, 11, 13, and 16; Revised Civil Statutes of Texas, arts. 1097, 1099, and article 1175, subd. 16; also Flewellin v. Proetzel, 80 Tex. 191, 15 S.W. 1043; Anderson v. Brandon, 121 Tex. 188, 47 S.W.(2d) 261; Brown v. Clark, 102 Tex. 323, 116 S.W. 360, 24 L.R.A. (N.S.) 670; 36 Cyc. p. 1113.

In the Scanlan Case above cited, 44 S.W.(2d) 967, 971, 970, 80 A.L.R. 852, in which the controlling issue was the same as the one in the present case, it is said:

"We have duly considered all the other complaints of the plaintiffs in error, which go to the validity of the assessment in question, and find no merit in any except the one which relates to the failure to apportion liability for the assessment that was levied in the lump sum of $7,810.22. * * *

"Since the assessment in the form that it was levied is invalid, a recovery on the certificate, as it stands, cannot be had. We therefore recommend that the judgment of the trial court and that of the Court of Civil Appeals, affirming same, be reversed, and that the cause be remanded, without prejudice to any proceeding which any of the parties might see fit to institute in the premises."

In the case of Flewellin v. Proetzel, 80 Tex. 191, 15 S.W. 1043, 1045, our Supreme Court says:

"There existed no reason why an assessment could not be corrected; or when one wholly invalid had been made a new roll could not have been prepared."

By section 4a of article 2 of the charter of the city of Houston, which deals with paving assessments, it is provided as follows:

"Wherever any error or mistake shall occur in any proceeding herein provided for, it shall be the duty of the City Council to correct the same, whenever it shall have determined that any assessment is, for any reason, invalid, unlawful or unenforceable, then it shall be the duty of

**1192**

the City Council to re-assess against such property and the owners thereof, such proportion of the cost of improvement as may be lawful and to fix a lien against said property and declare the personal liability of the owners thereof; said City Council shall have the power, and it shall be its duty to adopt such rules and regulations and make such order as shall, in compliance with the law, provide for the correction of said mistakes and making a valid reassessment against said property. It shall, by resolution, order such reassessment and it shall order such of the old proceedings as appear to be improper, to be again gone over and corrected. Where the original special commissioner, or any of them, are not available, such fact shall be. called to the attention of the Judge of the County Court of Harris County at Law, and he shall by appointment complete a Board of Special Commissioners who may make such reassessment, and who may avail themselves of all proceedings in the original assessment that may have been valid. The right to reassess shall not be barred or lost by the City until six (6) years from the date of the original assessment and the time of any suit attacking the validity of the assessment shall be excluded from such computation. The powers of the City Council with reference to such reassessment shall be sufficient to place such reassessment on the same basis as though the first assessment had been a valid assessment."

The decisions of our Appellate Courts, both the Supreme Court and Courts of Civil Appeals, construing and upholding the validity of the statutes and charter provisions are numerous and uniform.

It is undisputably shown in this case that appellants received improvements to their properties of the value of more than $5,-100 by reason of the pavement done by the contractor, and that they are refusing to pay therefor upon the ground that the authorities making the assessment against them and their properties made a mistake in making such assessments.

We have reached the conclusion that the ends of justice demand that the judgment of this court last entered, whereby we reversed the judgment of the trial court and rendered judgment for appellants, be set aside and held for naught, and that judgment be here rendered reversing the judgment for retrial without prejudice to any proceedings which any of the parties may see fit to institute in the premises, and having reached such conclusion, it is accordingly so ordered.

Reversed and remanded.

GRAVES, J., dissenting.

On Motion for Rehearing.

PER CURIAM.
Rehearing denied.

GRAVES, Justice (dissenting).
The grounds of dissent from the judgment of remand and the refusal of this motion are the same; that is, that our original judgment rendering this cause in appellants' favor was correct and that section 4 A of article 2 of the Houston city charter has no application here, because it does not deal with paving assessments.