PETERS, Mayor, et al. v. GOUGH et al.
No. 1755.

Court of Civil Appeals of Texas. Waco.
Sept. 26, 1935.

516

Forrester Hancock and J. C. Lumpkins, both of Waxahachie, for appellants.

Archie D. Gray, of Houston, Felix Atwood, of Ennis, and Claude Miller, of Waco, for appellees.

ALEXANDER, Justice.

The trial court, upon the application of plaintiffs, issued a temporary writ of injunction restraining the officers of the city of Waxahachie from enforcing a zoning ordinance against plaintiffs who were operating a funeral home or undertaking establishment within the limits of the alleged restricted zone without a permit. Later, upon hearing of the facts, the trial court refused to dissolve the injunction. The defendants appealed.

The city of Waxahachie is a municipality of more than five thousand inhabitants. It is incorporated and has adopted the provisions of the home-rule amendment. By the provisions of Acts 1927, 40th Leg., p. 424, c. 283 (Vernon's Ann. Civ. St. arts. 1011a to 1011j), cities and incorporated villages are, within certain limitations, empowered to enact zoning ordinances regulating the operation of business enterprises within residential districts. However, section 4 of said act (article 1011d) contains the following express limitation on the authority to enact such ordinances: "However, no such regulation, restriction, or boundary shall become effective until after a public hearing in relation thereto, at which parties in interest and citizens shall have an opportunity to be heard. At least 15 days' notice of the time and place of such hearing shall be published in an official paper, or a paper of general circulation, in such municipality." The above provision of the statute requiring publication of notice of the public hearing therein referred to was not complied with in this instance. The evidence shows that at and prior to the adoption of the ordinance the appellees had leased the property in question and were preparing to equip it for use as an undertaking parlor. There is evidence to the effect that appellees knew that the city council had under consideration the matter of adopting some kind of a zoning ordinance, but the evidence does not show that they ever had notice of any proposed public meeting in relation thereto. In deference to the trial court's judgment in favor of appellees, we must presume a general finding in favor of appellees on this as well as all other issues about which there is any dispute in the evidence.

The act of 1927 above referred to, which fixes the limitations and conditions under which a zoning ordinance may be adopted, is a general law and, in our opinion, it is applicable to cities operating under the home rule amendment. See, in this connection, Lombardo v. City of Dallas (Tex. Civ. App.) 47 S.W.(2d) 495; Id. (Tex. Sup.) 73 S.W.(2d) 475. It is a settled rule in this state that city ordinances of home-rule cities are invalid when in conflict with the general laws of the state. McCutcheon v. Wozencraft, 116 Tex. 440, 294 S. W. 1105; Huff v. City of Wichita Falls, 121 Tex. 281, 48 S.W.(2d) 580, par. 4, and cases there cited.

The effect of a zoning ordinance is to deprive property owners of the free use of their property, and, to this extent, is a charge upon the property for the public benefit. The statute in question makes specific provision for a public hearing prior to the adoption of such an ordinance and for notice thereof to all interested parties. These statutory requirements are intended for the protection of the property owner and are his safeguards against an arbitrary exercise of the powers granted by the statute. Hence it would appear that such preliminary steps required by the statute are essential to the exercise of such jurisdiction. Flewellin v. Proetzel, 80 Tex. 191, 15 S. W. 1043; Breath v. City of Galveston, 92 Tex. 454, 49 S. W. 575. The failure of the council to give the statutory notice of the public hearing prior to the adoption of the

ordinance rendered the ordinance invalid. This is particularly true with reference to appellees who were parties in interest and who had no actual knowledge of such hearing.

In this connection, it is proper to note that it is appellants' contention that the authority to enact zoning ordinances was granted to cities operating under the home-rule amendment by the provisions of Revised Statutes, art. 1175, subd. 26, and since that act does not contain any express limitation on the manner in which the right is to be exercised, said city was left free to exercise the right so conferred in any manner satisfactory to its legislative body. We are of the opinion, however, that the act of 1927 above referred to is a general law and was intended to be applicable to cities operating under the home-rule amendment, and since it was enacted subsequent to the adoption of Revised Statutes, art. 1175, the powers granted under said article 1175 must be exercised in conformity with the provisions of the latter act.

For the reasons above set out, the ordinance was invalid and the trial court properly refused to dissolve the order enjoining its enforcement.

The judgment of the trial court is affirmed.