**KERR et ux. v. SHAMBAUGH et al.**

No. 2732.

Court of Civil Appeals of Texas. Beaumont.

Oct. 15, 1935.

Rehearing Denied Oct. 30, 1935.

R. E. Minton, of Lufkin, for appellants.

W. H. Graham, of Houston, and Mantooth & Denman and Curtis W. Fenley, all of Lufkin, for appellees.

WALKER, Chief Justice.

In the court below Scott Shambaugh was plaintiff, the Lafferty heirs were interveners, and Sam H. Kerr and wife were defendants. The cause of action of plaintiff and interveners was based upon two certain reassessment certificates issued by the city commission of the city of Lufkin, against appellants, purporting to fix a personal liability against them for the amount of the certificates and a lien against certain of their property abutting upon the improved streets. On trial to the court without a jury, judgment was rendered in favor of plaintiff and interveners against appellants for the amount of the certificates, and foreclosing the lien against appellants' property abutting upon the improved streets. The answer of appellants was sufficient to support their assignments of error hereinafter discussed.

There is no controversy that the original proceedings of the city commission under which appellants' property 'was improved were wholly void and insufficient in every respect to support the original assessment for the cost of 'the improve-

ments. Recognizing the invalidity of its assessment certificates, the city commission subsequently, under provisions of article 1095, R. S. 1925, undertook to reassess against appellants the cost of the paving in front of their property and to fix a lien against the property thus improved for the amount of the reassessment. In order to accomplish that purpose, on the 27th day of January, 1930, the city commission passed an ordinance determining the necessity of the reassessments, and by ordinance passed on the 8th day of March, A. D. 1930, levied the reassessments. On authority of these two ordinances the reassessment certificates in issue were issued by the city commission, and the title thereto was regularly acquired by plaintiff and interveners, appellees herein.

Though appellees would support their judgment by the following provisions of section 6, art. 1105b, Vernon's Ann. Civ. St., "If any such certificate shall recite substantially that the proceedings with reference to making the improvements therein referred to have been regularly had in compliance with the law and that all prerequisites to the fixing of the assessment lien against the property described in said certificate and the personal liability of the owner or owners thereof have been performed, same shall be prima facie evidence of all the matters recited in said certificate, and no further proof thereof shall be required. In any suit upon any assessment or reassessment in evidence of which a certificate may be issued under the terms of this Act it shall be sufficient to allege the substance of the recitals in such certificate and that such recitals are in fact true, and further allegations with reference to the proceedings relating to such assessment or reassessment shall not be necessary"; they concede that, "if an assessment or reassessment is invalid for want of jurisdiction," the quoted provisions of the cited article would have no application. Upon the concessions of appellees the point at issue is the validity of the reassessment ordinances. If on their face and the face of the record by which they were enacted these ordinances are invalid, then appellees' assessment certificates must be held invalid.

As part of their case appellees offered in evidence the ordinance determining the necessity for the reassessment, the ordinance levying the reassessment, the vote of the city commission on these ordinances, and the reassessment certificates.

 It is our conclusion that these ordinances are void. Section 17 of the city charter provides: "* * * The vote upon the passage or repeal of any ordinance or resolution shall be taken by 'Yes' and 'Nay' vote, and entered upon the journal. All members of the City Commission present at a meeting shall vote upon every question, ordinance or resolution, which shall be entered upon the journal. Any commissioner refusing to vote shall be entered on the journal as voting in the affirmative."

The journal of the city commission contains the following fact recitations as to the passage of the ordinance determining the necessity for the reassessment:

"Passed and approved by unanimous vote this 30 day of January, A. D. 1930.

"Joe C. Denman.
"[Seal.] Mayor—City of Lufkin, Texas.
"F. L. Dunn, City Secretary"

—and the following fact recitation as to the passage of the ordinance levying the assessment:

"Passed and approved by unanimous vote this 8th day of March, A. D. 1930.

"Joe C. Denman,
"[Seal.] Mayor—City of Lufkin, Texas.
"Attest: T. L. Dunn, City Secretary."

The record does not show affirmatively that the yeas and nays were called and recorded; on the face of the record it cannot be presumed that the yeas and nays were recorded when by inspection of the record it appears affirmatively that they were not recorded. Markham v. Anamosa, 122 Iowa, 689, 98 N. W. 493. It is the law of Texas, announced by the Supreme Court in Flewellin v. Proetzel, 80 Tex. 191, 15 S. W. 1043, 1045, that: "Each act required to be done is essential to the exercise of the jurisdiction, and each must be rigidly performed. The courts cannot say that the omission of some requirement is unimportant, or that an act different from that directed is substantially as good."

Mr. Chief Justice Cureton, speaking for the Supreme Court, in Foster v. City of Waco, 113 Tex. 352, 255 S. W. 1104, 1105, said: "Where a power is granted, and the method of its exercise prescribed, the prescribed method excludes all others, and must be followed. * * * Of every municipal corporation the charter or statute by which it is created is its organic act."

The principle of law thus announced by the Supreme Court was given controlling effect in Elmendorf v. San Antonio, 242 S. W. 185. Under that strict construction of the powers of a city council in passing an ordinance, 43 C. J. 505, Municipal Corporations, § 773, announces the following legal proposition: "A yea and nay vote is not necessary to the validity of action taken when it is not required by a charter or general statute. On the other hand, while there is some contrary authority, as elsewhere shown, not only must the vote be taken in accordance with the requirement of the statute, but the record must show this fact; otherwise it is fatally defective, and no effective action by the council can be predicated thereon."

Again, same authority, section 792: "In jurisdictions where the vote must be by yeas and nays, the record must show that the vote was taken in compliance with the statutory requirements; otherwise, it is fatally defective and no effective action can be predicated thereon."

As further illustrating the holding of our courts on this point, we quote as follows from Northern Texas Utilities Co. v. Community Natural Gas Co. (Tex. Civ. App.) 297 S. W. 904, 911:

"The general rule is well settled and is constantly enforced that one who makes a contract with a municipal corporation is bound to take notice of the limitations on its power to contract. The municipal corporation cannot in any manner bind itself by any contract made in violation of the terms of its charter or enabling act, and those contracting with it are bound to take notice not only of the terms of the ordinance under which the contract is made, but also of the provisions of the charter or statute under which the ordinance has been passed. In brief, he is required to see not only that his contract complies substantially with the ordinance, but he is compelled to go further and ascertain whether the ordinance is authorized by the charter or controlling legislative act. As said in the case of City of Paris v. Sturgeon, 50 Tex. Civ. App. 519, 110 S. W. 459:

" 'A person dealing with a municipal corporation is bound to know the extent of its power, and where it fails to comply with an engagement made with him, which it had no power to make, he cannot complain, though he performed his part of the undertaking.' "

See, also, Mills v. City of San Antonio (Tex. Civ. App.) 65 S. W. 1121, 1122, where it is said: "The allegations of the petition show that every member of the city council was present at the special meeting, and it may seem that all being present, no harm could result in a failure to comply with the terms of the charter. While this has been held in regard to meetings of directors of private corporations, it could not apply to a meeting of a city council, whose members are in the eyes of the law the representatives of the public, whose interests are involved in any legislation enacted or proposed by such council. The charter is mandatory. * * * The charter says that these things must be done, and we cannot hold that such requirement is not mandatory."

These authorities satisfactorily support the conclusion that appellants' reassessment certificates were invalid and created no personal liability against appellants and no lien against their property.

Since, under the provisions of article 1095, cited above, the city of Lufkin has the power to reassess appellants' property, the judgment of the lower court as between appellants and these appellees will be reversed and the cause remanded for a new trial, and it is accordingly so ordered.

Certain other assignments are made against the validity of the reassessment ordinances that can be cured on a proper reassessment. There is no merit in the contention that the certificates are invalid because the interest rate was fixed at "six per cent (6%) per annum, payable annually." Under the charter and the general statutes of the state, the commission had the power to fix an interest rate not to exceed 8 per cent. simple interest; the interest called for in the certificate did not exceed the maximum allowed by law.

The state of Texas and certain municipal corporations were granted judgment against appellees and appellants foreclosing tax liens against the property in controversy. In this respect the judgment of the lower court is in all things affirmed.

Reversed and remanded in part, and affirmed in part.