

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXX~~WILSON~~XXXXXX
ATTORNEY GENERAL

Honorable Frank Davis, Member
State Board of Control
Austin, Texas

Dear Mr. Davis:

Opinion No. O-2573
Re: Construction of Article 3240, Revised
Civil Statutes, and the Eleemosynary
Appropriation Bill, 46th Legislature,
with respect to residential eligibil-
ity for treatment in tuberculosis
sanatoria.

This will acknowledge receipt of your inquiry of July 25, 1940,
requesting a legal opinion construing Article 3240 of our Revised
Civil Statutes, and likewise a provision or rider of the Eleemosy-
nary Appropriation Bill passed by the 46th Legislature, your speci-
fic question being:

> "Is a married woman, who has lived in and had her place of
> abode in another state, but whose husband has resided in and
> lived in Texas for more than three years, his wife coming
> to Texas more than one year but less than three years ago,
> entitled to admission to the State Tuberculosis Sanatorium:
>
> "(a) To be maintained at State Expense?
>
> "(b) To pay for her hospitalization as a private patient, as
> provided by the last paragraph of Article 3241, Revised Civil
> Statutes?"

It is the opinion of this department that the patient mentioned
by you, assuming that she is otherwise qualified for admission to
the State Tuberculosis Sanatorium, should be admitted, if within
either of the classes defined by statutes according to the facts,
that is to say, 1. Indigent public patients, 2. Non-indigent pub-
lic patients, or 3. Private patients.

Article 3240 of the Revised Civil Statutes is as follows:

> "Persons afflicted with tuberculosis who shall have been
> citizens of this State and of the county from which he or she
> comes at the time of filing of their application with the
> county judge as hereinafter provided, shall be admitted to

said institutions.  A citizen of this State is defined to
be any person who has actually resided therein with the bona
fide intention of being a citizen thereof for a period of
twelve months next preceding the date of such application."

The succeeding Article 3241 classifies the patients who are thus
entitled to admission to the institution, defining each class.

To the Eleemosynary Appropriation Bill (H.B. No. 256, 46th Legis-
lature) there is attached the following rider:

"None of the money herein appropriated for the State Tuber-
culosis Sanatoria shall be used to treat any person who has
not been a resident bona fide citizen of Texas for at least
three (3) years; this provision shall not apply to a child
born in the State of Texas."

It will be seen that Article 3240 specifically authorizes the ad-
mission of persons afflicted with tuberculosis who shall have
been citizens of this State, and of the county from which he or
she comes at the time of filing their application for twelve
months next preceding the date of such application.

A person complying with the requirements of the statute is thus
entitled to admission into the institution, unless the rider to
the Appropriation Bill hereinabove quoted in some way forbids.

In no event could the rider prevent the admission of a private
patient since none of the expenses of such private patient are to
be paid out of the appropriation for the institution.

The rider is equally ineffective to deny admission of indigent or
non-indigent public patients.  It is apparently well settled that
that the Legislature may not in an appropriation act repeal or
amend a general statute.

State v. Steele, 57 Tex. 203;
Linden v. Finley, 92 Tex. 454;
Opinions Attorney General 1916-18, p. 110;
Opinions Attorney General 1928-30, p. 209;
Opinions Attorney General, Letter, B. 60 p. 24;
Opinions Attorney General 1934-36, p. 71;
Opinions Attorney General 1934-36, p. 46;
Opinion Attorney General O-700.

Moreover, if in any event the Legislature could repeal or amend a
statute through an appropriation bill, the title to such bill would
have to contain the subject, (Const. Art. III, Sec. 35) and no such
requirement is met in the present case. (H.B. No. 256, Special
Laws Texas, Vol. 2, p. 238.)

Neither does the fact that the Legislature has made no appropriation for the support of public patients forbid their admission into the institution, in view of the express provisions of the general law as contained in Article 3240.

The institution is being operated -- it has doctors, medicines, facilities, rooms and accommodations -- and the legal duty is imposed upon it to admit all properly qualified applicants, and it will not be heard to deny them merely because there has been no appropriation adequate to care for such patients. That is no concern of the applicant patient.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED AUG. 13, 1940
GROVER SELLERS
FIRST ASSISTANT
ATTORNEY GENERAL                    By     Ocie Speer
                                              Assistant

OS:mr:ml