**TONROY et al. v. CITY OF LUBBOCK et al.**

No. 6160.

Court of Civil Appeals of Texas. Amarillo.

June 25, 1951.

Rehearing Denied Sept. 10, 1951.

Boling, Smith & Allen, Lubbock, for appellants.

Vaughn E. Wilson and Vickers, Vickers & Corbin, Lubbock, for appellees.

PITTS, Chief Justice.

This suit involves the validity of an amendment to a zoning ordinance in the City of Lubbock which had a population of approximately 70,000. It is admitted that Lubbock is a home-rule municipal corporation with a valid basic zoning ordinance in so far as the original ordinance involved is concerned. The attack is made on the

purported amendment thereto seeking to change the zone classification of a tract of land approximately 418 feet square located in the said city from an "A" zone area to an "L" zone area.

Appellants, F. B. Tonroy, Carl A. Clark, E. L. Cook, T. J. Stanfield, J. T. Jackson, C. C. McGuire and N. M. Botkin, owners and homestead occupants of land within 200 feet of the tract of land affected, filed suit against appellee, The City of Lubbock, seeking to have the purported amendment designated as Ordinance Number 983 attempting to make the said zone classification change set aside and declared invalid and void because of the alleged failure of the city officials to comply with the Texas laws and the city charter and its ordinances governing such matters. They further charge that the City Commission acted arbitrarily and abused its discretion in attempting to so amend the original zoning ordinance and that the record of the proceedings thereof were improperly kept. The City joined issues with appellants and appellee, J. M. Cunningham, intervened as the recent purchaser and owner of the tract of land affected and urges the validity of the amendment known as Ordinance Number 983.

The case was tried to the court without a jury and judgment was rendered upholding the validity of City Ordinance Number 983 in question and appellants have perfected their appeal. At least a portion of the tract of land affected by the zoning ordinance was church property and belonged to the Seventh-Day Adventist Church. A church with a school in connection therewith was situated thereon prior to the zone change made. Through the efforts and upon the petition of the officials of the said church and appellee Cunningham the City Commission undertook to rezone the said tract of land as a result of which the church sold its interest in the said tract of land on April 20, 1950, to appellee Cunningham who replaced the church improvements with an automobile wrecking yard as he would have been authorized to do under a proper Zone L classification ordinance. Such provoked a protest from some of the families whose homes were located in that vicinity and resulted in the filing of this suit by appellants whose homes were located within 200 feet of the wrecking yard.

Appellants charge first that the purported amended Ordinance Number 983 is invalid and void because of a failure of the City Commission to comply with the provisions of article 1011f, Vernon's Ann.Civ.St., in that written notice of all public hearings concerning the proposed changes was not given to the interested parties residing within 200 feet of the property to be affected. Under the provisions of Acts 1927, 40th Leg., p. 424, c. 283, as thereafter amended, Vernon's Ann.Civ.St., arts. 1011a to 1011k, a city such as Lubbock, within certain limitations, is empowered to enact zoning ordinances regulating the operation of business enterprises within its city limits. However, section 6 of the said act, article 1011f, as amended by the 51st Legislature in 1949, p. 205, c. 111, paragraph 1, contains the following provisions and limitations concerning the authority to enact such ordinances or to effect changes therein: "In order to avail itself of the powers conferred by this Act, such legislative body shall appoint a commission, to be known as the Zoning Commission, to recommend the boundaries of the various original districts and appropriate regulations to be enforced therein. Such commission shall make a preliminary report and hold public hearings thereon before submitting its final report, and such legislative body shall not hold its public hearings or take action until it has received the final report of such commission. Where a city plan commission already exists, it may be appointed as the Zoning Commission. Written notice of all public hearings on proposed changes in classification shall be sent to all owners of property, or to the person rendering the same for city taxes, affected by such proposed changes of classification and to all owners of property, or to the person rendering the same for city taxes, located within two hundred (200) feet of any property affected thereby within not less than ten (10) days before any such hearing is held. Such notice may be served by depositing the same, properly addressed and postage paid, in the city post office." It

will be observed that the amendment to the original Act passed in 1949 requires the giving of written notice of all public hearings on proposed changes in zone classification to all owners of property affected by such proposed changes and classification, or to the persons rendering such property for city taxes, and to all owners of property located within 200 feet of any of the property affected thereby, or to the persons rendering such property for city taxes, within not less than 10 days before any such hearings are to be held.

So far as we have been able to determine the recent amendment to the said Act has not been construed by the courts. Yet the Act itself states how imperative its passage was and the language used in the entire Act is simple, plain, unambiguous and we think clearly expresses the intention of the Legislature when the Act is construed as a whole as is required in such cases. Anderson v. Penix, 138 Tex. 596, 161 S.W.2d 455. Where the language of a statute is unambiguous and its meaning is clear, the same must be given effect according to its terms and courts must not speculate upon the intention of the Legislature in its enactment. Board of Insurance Commissioners of Texas v. Guardian Life Ins. Co. of Texas, 142 Tex. 630, 180 S.W.2d 906. A very similar provision to that being here considered is found in article 1011d concerning the same subject matter. The provisions of that article have been construed by Justice Alexander for the Waco Court of Civil Appeals in the case of Peters v. Gough, 86 S. W.2d 515, 516. There the court held that the act is a general law and must be complied with by home-rule cities and that a proposed zoning ordinance was invalid because of the failure of the city council to give notice by publication of public hearings to be held concerning the matter.

In the case at bar Mrs. Lavinia Lowe testified that she was City Clerk, Secretary of the City Commission, and charged with keeping the records and looking after such matters. She further testified that notices were not sent to anybody concerning public hearings to be held about the proposed ordinance changes in question. Her testimony was not controverted but it was strongly supported by several interested parties to the effect that they never received any such notices. The trial court found that written notices were not sent to the property owners residing within 200 feet of the property affected prior to the enactment of Ordinance Number 983 about which complaint is here made and the trial court further found that appellants all lived within 200 feet of the property affected at all times incident to this suit and particularly when the tract of land affected was changed to an L zone.

In the case of Peters v. Gough, supra, Justice Alexander reasons as follows: "The effect of a zoning ordinance is to deprive property owners of the free use of their property, and, to this extent, is a charge upon the property for the public benefit. The statute in question makes specific provision for a public hearing prior to the adoption of such an ordinance and for notice thereof to all interested parties. These statutory requirements are intended for the protection of the property owner and are his safeguards against an arbitrary exercise of the powers granted by the statute. Hence it would appear that such preliminary steps required by the statute are essential to the exercise of such jurisdiction. Flewellin v. Proetzel, 80 Tex. 191, 15 S.W. 1043; Breath v. City of Galveston, 92 Tex. 454, 49 S.W. 575." We think the line of reasoning given in that case is logical and sound and is just as applicable to the case at bar as it was to that case. It is our opinion that the failure of the Lubbock City Commission to have the statutory notices required by article 1011f given to the interested parties concerning the public hearings had prior to the adoption of the ordinance purporting to change the zone area in question, Number 983, rendered the purported ordinance invalid and of no force and effect.

Appellees contend that the statutory requirements of notice were waived by appellants if such were not fully complied with by the City Commission. They charge that the said parties attended the hearings in question and that their property had not been rendered for city taxes, for which rea-

sons they further charge that appellants waived notice of any hearings held. There is evidence to the effect that some of the parties to the suit knew the City Commission was considering some sort of a change in the zoning ordinance and that some of them, together with other interested parties, protested strongly the making of any changes that would authorize the establishment of a wrecking yard or a machine shop near their homes. But there is no evidence showing or tending to show that all of the interested parties or even all of the appellants herein had any such information or that all of the interested parties or all of the appellants herein attended any hearings concerning the proposed changes. At any rate, as emphasized by Justice Alexander in the Peters-Gough case, the purpose of zoning ordinances is to protect the public as well as all interested individuals and in some instances the restrictions of the free use of property by the owner may sometimes occur as a result of zoning ordinances. Both the statute being there considered and the one being under consideration here require public hearings prior to the adoption of such ordinances and they both require notices thereof to the interested parties. Such statutory prerequisites are made for the protection of property owners and to safeguard them from arbitrary exercise of powers granted by law. It follows that such preliminary steps are essential as a matter of law to the exercise of such jurisdiction.

As to the charge to the effect that the complaining parties had not rendered their property for city taxes and the City Commission could not therefore send written notices to them or was not required so to do, the record reveals that the City Zoning Commission considered the zone changes to be made on February 9, 1950, and March 2, 1950, and that the City Rezoning Ordinance Number 983 affecting the chang-es being here considered was finally passed by the City Commission on April 27, 1950, while the evidence here presented as well as the law itself gave these and all other property owners until April 30, 1950, to render their property for city taxes for that year. Appellants and other interested parties were not therefore required to render their property in question for city taxes for that year before the hearings in question were held. At any rate the record reveals that some of the interested parties had rendered their property in question for city taxes for 1950 before the ordinance in question was finally passed but they failed to receive written notices of any of the hearings to be held. The record also reveals that some eight or ten of the interested parties, including appellants, had owned their homes and resided within 200 feet of the tract of land in question for some time prior to the passing of the ordinance in question but they failed to receive any written notice of hearings to be held. The provisions of the law in question require the sending of notices concerning public hearings in such cases to all property owners within 200 feet of the property affected or to the persons rendering the same for city taxes. In the case at bar no such notices were sent to either or to anybody else, which rendered the ordinance invalid.

In view of our disposition made of the first assignment of appellants the other assignments concerning alleged irregularities in recording the proceedings had in the enactment of the ordinance in question and the alleged arbitrary acts of the City Commission in connection with the same become immaterial. For the reasons stated the judgment of the trial court is reversed and judgment is here rendered declaring the proposed Ordinance Number 983 of the City of Lubbock finally passed by the City Commission on April 27, 1950, invalid and of no force and effect. Reversed and rendered.