## CITY OF WACO v. WM. L. PRATHER.

### Decided October 15, 1896.

Street Improvement—Authority of City Council of Waco—Resolution or Ordinance.

Refusing an application for writ of error, on the ground that the trial and appellate courts did not err in refusing to enforce against abutting lots a lien for the expense of street paving, the court places its ruling upon the ground that such improvement must be first so ordered by ordinance or resolution of the city council, as required by its charter; but dissents from the proposition that such action by the council must be by ordinance and not by resolution. (Pp. 80, 81.)

APPLICATON for writ of error to Court of Civil Appeals for Third District, in an appeal from McLennan County.

*A. C. Prendergast* and *Tom L. McCullough,* City Attorney, for applicant.—Where the city council is authorized to do an act but the mode is not prescribed, it may be done by order, motion, vote, resolution or other way as well as by ordinance. Green Bay v. Branns, 50 Wis., 204; Mer. Union Barb Wire Co. v. Railway, 70 Iowa, 105; State v. Passaic, 44 N. J. L. 171; Board of Ed. v. DeKay, 148 U. S., 598; City of Quincy v. Railway, 92 Ill., 21; State v. Jersey City, 27 N. J. L., 495; Sower v. Philadelphia, 35 Pa., 231; San Francisco Gas Co. v. San Francisco, 6 Cal., 191; The First Municipality v. Cutting, 4 La. Ann., 335. An ordinance prescribes a permanent rule of conduct. A resolution, order, motion, vote, or such like act by a municipality is of a special and temporary character. 17 Am. and Eng. Encycl. Law, 235 and notes; 2 Dil. Munic. Corp., (4th ed.) sec. 307 and notes.

The minutes of the City Council of Waco showing that the city council did by order, motion, etc., and by unanimous vote have the street in controversy paved was not only admissible in evidence but was full proof thereof; and so having said street paved was in accordance with the power and authority given by the charter. Owings v. Speed, 18 U. S., 423; Dunning v. Roome, 6 Wend., 655; 15 Am. & Eng. Encycl. Law, 1076, sub-div. 4; 1 Greenl. Ev. (14th ed.) secs. 304, 293; McIlhenny v. Binz, 80 Texas, 8; Picket v. Abney, 84 Texas, 645.

BROWN, ASSOCIATE JUSTICE.—This was a suit by the City of Waco to recover from the defendant in error taxes assessed against his property on Austin street in the said city to pay for the improvement of the street in front of his property. The District Court held that the proceedings of the city council in reaching the determination to do the work and by which the pavement contract was entered into were void, because not done by ordinance or resolution of the city council. The only evidence of the action of the city council ordering the work to be done and entering into the contract with the contractor was entries of the city secretary upon the

minutes of the council. Judgment was rendered by the District Court for the defendant in error, which was affirmed by the Court of Civil Appeals.

This application will be refused, because we believe that the judgment of the District Court is correct and that there is no reversible error in the proceedings in either court. In affirming the judgment of the District Court, the judge who delivered the opinion of the Court of Civil Appeals placed the affirmance upon the ground that "inasmuch as the city council had power to pass ordinances, it could proceed to contract for and to construct the improvement of the streets by ordinance only." This seems to hold that the work could not have been done by virtue of a resolution adopted by the city council. In our opinion the council might have acted either by ordinance or resolution, but the improvement could not be ordered nor the contracts entered into without either ordinance or resolution adopted by the city council.

*Application refused.*