## PANHANDLE CONST. CO. v. SIKES et al.

### No. 3648.

Court of Civil Appeals of Texas. Amarillo.

Sept. 23, 1931.

Rehearing Denied Oct. 7, 1931.

Robt. A. Sowder, of Lubbock, for appellant.

Morgan, Culton, Morgan & Britain, of Amarillo, for appellee North Texas Bldg. & Loan Ass'n.

HALL, C. J.

The appellant company filed this suit in March, 1930, to recover the amount of a paving certificate issued by the city of Canyon and to foreclose a lien on certain real estate

owned by J. B. Sikes and wife. G. W. Johnson, C. R. Burrow, and W. D. Cheyne and the North Texas Building & Loan Association, Inc., were made defendants, because, as alleged, they are claiming some interest in the property.

The substance of the appellant's (construction company's) petition is that Canyon was a city of more than 1,000 inhabitants, and that prior to January 30, 1928, the governing body of said city ordered improvements made on Third avenue along the east fifty feet of the S. W. ¼ of block 1, Victoria addition to said town; that said improvements were to be made in accordance with plans and specifications furnished by the city engineer, and on said last-named date the city entered into a contract with the appellant, construction company, whereby the latter was to improve said street in front of the property described at a cost of $205; that the city would issue to appellant improvement certificates evidencing a lien against the property from the date such improvement was ordered; that such certificates should recite that all the proceedings with reference to the improvements were regular and the prerequisites to the fixing of the lien had been complied with.

Appellant further alleged that proper notices of the order for improvement of the street had been given fixing March 3, 1928, as a date for the hearing; that at said time it was determined that the value of the property would be enhanced by at least the sum of $205, and the order and contract of January 30, 1928, was confirmed by the city authorities.

It was further alleged that Sikes and wife executed and delivered to appellant their contractor's and materialman's lien for the improvements mentioned in the sum of $205; that after the 3d day of March appellant completed plans and specifications, in accordance with its contract with the city, at which time the certificate was issued to appellant in said sum of $205, payable in six equal payments; that, on account of the failure to pay the first and second installments, appellant had declared the entire debt due and asked that a reasonable attorney's fee, which it alleged to be $175, be allowed.

It is further alleged that the defendant Johnson owned the lot in question on January 30, 1928, and sold the same to defendant Sikes on February 3, 1928; that the defendant Burrow is claiming to be the owner of a lien on the property in the sum of about $368 and interest; that Sikes and wife had executed a deed of trust to secure the appellee North Texas Building & Loan Association in the payment of $1,500, a part of which has been paid; that on the 8th day of March, 1930, J. K. Estes, as substitute trustee for the Building & Loan Association, caused notice of sale to be posted, and sold the property April 1, 1930; that the appellant's lien was superior to the lien of the North Texas Building & Loan Association.

The prayer was for an injunction restraining the trustee's sale, for judgment for the debt, interest and attorney's fees, and general relief.

The defendant North Texas Building & Loan Association answered by general demurrer, general denial, and specially answered that, at the time of the filing of the suit by appellants, it was the owner of a first lien covering the property above described, which lien was evidenced by a deed of trust executed by Sikes and wife on May 16, 1928, to secure a note for $1,500 of even date with said trust deed, said sum of money having been advanced by appellee to Sikes and wife for the purpose of refinancing, renewing, and extending a prior lien for said amount, said prior lien being a mechanic's lien note for $1,600; that said property at said time was community property and the homestead of Sikes and wife under the laws and Constitution of Texas, and was at the time of the fixing of the purported paving lien their homestead, and had been since January 4, 1928; that for said reason no valid lien of any kind could be created on said property other than a contract lien for improvements, by reason of which facts the lien fixed by the ordinance of the city of Canyon on January 30, 1928, was wholly void; that, by accepting the contract lien made by Sikes and wife on March 21, 1928, appellant had waived its purported lien fixed by said ordinance; that appellee had no knowledge, express or implied, of any attempt on the part of the city of Canyon to create a lien by an ordinance of January 3, 1928, covering the property in question, which said ordinance was passed after the property became the homestead of Sikes and wife.

The defendant further attacked the validity of the trustee's sale to A. B. Duncan, and asked that the cloud cast upon the title by said sale be removed.

The case was tried to the court without the intervention of a jury. The court found in favor of Sikes and wife, and entered judgment accordingly.

On the 30th day of January, 1928, the city commission of Canyon passed Ordinance No. 61, wherein certain improvements and paving were ordered on Third avenue adjacent to the property in question. The ordinance levied an assessment fixing a lien against the property above described to secure the payment of part of the costs of paving and improving the street in front of said lot. The property was the homestead of J. B. Sikes and wife January 4, 1928, at which time they entered into a mechanic's lien contract with C. R. Burrow for the purpose of placing improvements upon said lot and creating a lien to secure a note for $1,600; that on March 17, 1928, Burrow transferred a $1,500 interest in

said note and lien to the North Texas Building & Loan Association. Afterwards Sikes and wife executed a deed of trust to said Building & Loan Association covering the property for the purpose of securing the payment of a note for $1,500 given in renewal and extension of the $1,500 interest owned by the Building & Loan Association in the $1,600 note which had been given to Burrow. On March 21, 1928, a paving lien contract was entered into between J. B. Sikes and wife, Angie Sikes, to the appellant, construction company, whereby a lien was created covering the property above described, for the purpose of securing the payment of the paving certificate sued on herein, which had been previously issued.

The court found that, at the time of all of these transactions, the property involved was the homestead of Sikes and wife. The court further found that the action taken by the city commission did not, in fact, order an assessment against any property in the town of Canyon for the purpose of securing the payment of a part of the costs incurred in paving and improving the street in front of the property involved.

The court concluded as a matter of law that Ordinance No. 61 did not have the effect of creating a valid lien on the property, because of the homestead rights of Sikes and wife at the time said ordinance was enacted, and further concludes that the contract made by Sikes and wife with the Panhandle Construction Company was subject to, and inferior to, the lien created by contract between Sikes and wife and Burrow on February 3, 1928. There are other findings and conclusions filed by the court which are not necessary to the consideration of the errors assigned and insisted upon.

The first contention to be considered is that, because the city of Canyon received and acted upon petitions signed by citizens asking for the pavement of certain particular property and ordered a bond election to pay a portion of the cost, and because said city further advertised for and accepted bids for such paving, such action is tantamount to an order to pave said street within the meaning of the statute which fixes the lien on abutting property to secure payment for such pavement.

On the other hand, the appellee contends that, in order to fix a valid lien upon abutting nonhomestead property for street improvements, the governing body of the city must pass either an ordinance, motion, order, or resolution ordering the improvements, and that no such action was taken in this case.

R. S. art. 1105b, provides in section 3 thereof that the governing body of any city shall have power to determine the necessity for and order the improvement of any highway, highways, or parts thereof within the city. Within the meaning of this article, "highway" includes street. Section 4 of said article provides that, before any such improvements are actually constructed, and before any hearing is held, the governing body of the city shall prepare, or cause to be prepared, an estimate of the cost of such improvements. Section 6 provides that any assessments against abutting property shall be a first and prior lien thereon from the date the improvements are ordered, and shall be a personal liability and charge against the true owners of such property at said date, whether named or not, from the date the improvements are ordered. Section 8 contains the provision that nothing within the act shall empower any city to fix a lien against any interest in property exempt at the time the improvements are ordered.

■ Thus it will be seen that, in order to fix a valid lien, the city must, by resolutions, ordinances, motion, or order duly passed, order the improvement adjacent to the specific property upon which a lien is sought to be fixed. According to the record, the only reference made in the proceedings of the city commission to the paving of the street upon which the property involved abuts is as follows: "The City Commission has before it petitions from the citizens of Canyon for paving certain streets within said city, being parts of Third Avenue from 10th St. to 20th St., part of Seventh Avenue from 8th St. to 23rd St., and 14th Street from Third Avenue to Seventh Avenue, and there appears to be other petitions out that have not been filed yet; therefore this City Commission desires to grant said paving or so much thereof as the citizens want and issue bonds of the city to pay the city's part thereof."

■ The election for the bonds was ordered for December 31, 1927. Ordinance No. 61, being the first action of the commission which ordered the street to be paved, was passed January 30, 1928, and it is clear from the record that at that time the lot in question was the homestead of Sikes and wife, so the effect of the whole proceeding was to create a personal indebtedness against the owner of the property at the time of the improvements, but any attempt to create a lien is necessarily void under article 16, § 50, of the Constitution of Texas. Johnson et al. v. City of Ft. Worth (Tex. Com. App.) 299 S. W. 883; Smith Brothers, Inc., v. Lucas (Tex. Com. App.) 26 S.W. (2d) 1055.

"Generally speaking, the authorization of a public improvement by the municipal authorities must be by an order in some form and when the power to make improvements is conferred in general terms the municipality may exercise the same only by formal legislative action on the part of the City Council, it being frequently provided by charter or statute that an ordinance by law or a resolution shall be necessary, in which case it becomes a condition precedent to the making of improvements or levying a tax to pay for same." 44 C.

J. 270, § 2437. City of Waco v. Prather, 90 Tex. 80, 37 S. W. 312; Elmendorf v. San Antonio (Tex. Com. App.) 242 S. W. 185; City of Waco v. Chamberlain (Tex. Civ. App.) 45 S. W. 191; Noel v. City of San Antonio, 11 Tex. Civ. App. 580, 33 S. W. 263.

In Flewellin v. Proetzel, 80 Tex. 191, 15 S. W. 1043, 1044, Judge Gaines said: "It is not to be doubted that, in order to enable a municipal corporation to charge the owners of property abutting on a street with the cost of its improvement, the power must not only be expressly conferred by law, but the provisions of the law must be strictly pursued. The successive steps directed to be taken preliminary to ordering the work to be done, the manner of letting the contract, and the mode of constructing the improvement, when provided for in the law, are intended for the protection of the property owner, and are his safeguards against the exercise of arbitrary power. Each act required to be done is essential to the exercise of the jurisdiction, and each must be rigidly performed. The courts cannot say that the omission of some requirement is unimportant, or that an act different from that directed is substantially as good. The effect of the proceeding being to charge the property of the citizen with a burden for the public benefit, the requirements of the law as to the exercise of the power should be deemed mandatory."

Under article 1105b, the court was authorized to render a personal judgment, but, because of the failure of the city authorities to formally order the pavement prior to the time the property became subject to the homestead exemption, we think the court correctly held that there was no lien and denied any foreclosure.

The judgment is therefore affirmed.