## UVALDE ROCK ASPHALT CO. v. LACY et al.

### No. 3497.

Court of Civil Appeals of Texas. Beaumont.

June 29, 1939.

Geo. A. Weller, of Beaumont, for appellant.

John H. Land, of Beaumont, for appellees.

O'QUINN, Justice.

This was an action by appellant, Uvalde Rock Asphalt Company, against appellees, R. S. Lacy, et al., individually and as trustees of North End Methodist Episcopal Church, South, of Beaumont, Texas, an unincorporated religious society, to recover the balance due in the principal sum of about $200 on a paving certificate, and to foreclose an alleged assessment lien against lot 1, block 49, of the North Addition to the City of Beaumont; it was alleged that appellees held the legal title to this lot as trustees of North End Methodist Episcopal Church, South, and that all necessary legal steps had been taken to fix the paving lien against this lot. On trial to the court without a jury, judgment was in favor of appellees, both in their individual and in their representative capacity. From the judgment, appellant has duly prosecuted its appeal to this court.

■ The evidence raised the issue that the assessment ordinance relied upon by appellant to support its assessment certificate and its assessment lien, at the time it was regularly passed by the City Commission of the City of Beaumont, did not contain a description of the property against which appellant claims its lien, nor did it contain the names of the alleged owners, nor the names of any person described as owning the property, nor did it set forth the amount of the assessment claimed by appellant against appellees; all of these issues were raised by the evidence, and resolved by the court, in his fact conclusions, in favor of appellees. On these fact conclusions, the assessment ordinance was absolutely void. City of Waco v. Prather, Tex.Civ.App., 35 S.W.

958, 959, affirmed by the Supreme Court in 90 Tex. 80, 37 S.W. 312; Flewellen v. Proetzel, 1891, 80 Tex. 191, 15 S.W. 1043; Elmendorf v. City of San Antonio, Tex. Com.App., 242 S.W. 185. Without a supporting ordinance it necessarily follows that the assessment certificate was void.

■ The assessment certificate contained the following provisions:

"That all the proceedings with reference to making such improvements have been regularly had in compliance with the terms of the charter and ordinances of the City of Beaumont, and all prerequisites to the fixing of the lien and claim of personal liability evidenced by such certificate, have been performed;

"That said improvements have been fully completed and accepted in accordance with the terms of a certain contract therefor between the said City and the said Uvalde Rock Asphalt Co., of date the 4th day of August 1926 including paving and other work on said street or public place * *."

The prima facie case in appellant's favor, made by the introduction of the assessment certificate, was rebutted by the affirmative showing that the certificate had no supporting ordinance. Tex. Jur. 324; Producers' Oil Co. v. State, 1919, Tex.Civ. App., 213 S.W. 349; Rooney v. Porch, 1922, Tex.Com.App., 239 S.W. 910; Wigmore Treatise on Evidence, Vol. 2, p. 735; Elliott on Evidence, pp. 114, 116, & 117; Jones v. El Paso Bitulithic Co., 1922, Tex. Civ.App., 246 S.W. 749.

■ The assessment certificate was issued as of date, the 5th day of August, 1925; on the 16th day of May, 1931, after the certificate was barred by limitation, certain of the appellees named in the appellant's petition, purporting to act only in their representative capacity, executed and delivered to appellant, at its request, a renewal of the original certificate and a deed of trust to secure it as renewed, not against lot No. 1, block 49, of North Addition to the City of Beaumont, but against lot No. 1, block No. 41. As trustees of North End Methodist Episcopal Church, South, appellees could act in their representative capacity only by authority of the Quarterly Conference of the Church, or by some other controlling agency of the Church. In executing tthe renewal, the trustees acted without any authority from North End Methodist Episcopal Church, South. Since the original certifi-

cate was void, and on its face barred by limitation, the act of the trustees in purporting to renew the certificate and the lien was not binding upon North End Methodist Church, South, nor upon appellees in their representative capacity, nor did it extend the indebtedness, nor did it renew the lien. Methodist Episcopal Church v. Roach, Tex.Civ.App., 51 S.W.2d 1100; Humphries v. Wiley, Tex.Civ.App., 76 S.W.2d 793.

From what we have said, it follows that the judgment of the lower court in favor of appellees in their representative capacity must be affirmed.

It is our conclusion that the district court did not have jurisdiction of the cause of action plead against appellees in their personal capacity; the amount in controversy, as against them in their personal capacity, was less than $500, and no supporting lien was plead against them in their personal capacity. On that ground the judgment of the lower court on this issue must be affirmed.

But if the jurisdictional point be conceded in appellant's favor still the judgment of the lower court in favor of appellees in their individual capacity must be affirmed. In executing the renewal of the assessment lien and the deed of trust, the trustees purported to act only in their representative capacity. In executing the agreement they acted in good faith and concealed no fact from appellant. At the time the renewal agreement was executed, the certificate and the paving lien were absolutely void, void from their inception, and also they were barred by limitation. No new consideration was paid for the renewal contract. The following authorities sustain our conclusions on these issues; Morrison v. Hazzard, 1905, Tex.Civ.App., 88 S.W. 385; Id., 99 Tex. 583, 92 S.W. 33; Little v. Childress, 1929, Tex.Civ.App., 12 S.W.2d 648; Wimple v. Patterson, 1909, Tex.Civ.App., 117 S.W. 1034.

H. G. French was one of the appellees. Appellant's original petition was filed on the 29th of October, 1937; appellee French was duly served citation to appear and answer on December 27, 1937, but made default. On December 31, 1937, appellant took judgment by default against appellee French, individually and as trustee, for the sum of $252.62. Appellee French did not file an answer until June 24, 1938, during the ensuing term of the district court. On the 13th day of October, 1938, at the ensuing term after June 24, 1938, appellee French filed his motion to set aside the interlocutory judgment by default, as rendered against him on December 31, 1937. On November 3, 1938, after hearing appellee French's motion, on due submission, all parties being heard, the interlocutory judgment by default was set aside and judgment was rendered in his favor on all issues made by appellant's petition. The court did not err in setting aside the default judgment against appellee French. 25 Tex. Jur. 547.

It follows that the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.

Affirmed.