**CITY OF NEDERLAND, Appellant,**

v.

**Mrs. A. H. CALLIHAN, Appellee.**

**No. 6091.**

Court of Civil Appeals of Texas.

Beaumont.

Feb. 14, 1957.

Rehearing Denied March 13, 1957.

Judgment affirmed.

M. Herbert Oldham, Beaumont, Guy Carriker, Nederland, for appellant.

Orgain, Bell & Tucker, Beaumont, for appellee.

R. L. MURRAY, Chief Justice.

This is an appeal from a judgment in the district court of Jefferson County in favor of appellee, Mrs. A. H. Callihan, and against appellant, City of Nederland. Appellee recovered judgment for $2,209.83, as damages for breach of contract.

Appellee sued the appellant, alleging in substance, that she was a feme sole and was the widow and sole beneficiary under the will of A. H. Callihan, deceased, and as such was entitled to recover and receive all benefits accruing to A. H. Callihan; that Mr. Callihan on September 8, 1947, entered into a contract with appellant, City of Nederland, whereby he agreed to lay water and sewer lines in the West Side Addition to the City of Nederland, which property was owned by him and another, and agreed to lay and install the said water and sewer lines under the supervision of the Water Superintendent of the City of Nederland in such a way as to meet all requirements of the city as to such systems and that the appellant, City of Nederland, agreed that Mr. Callihan would be reimbursed by it for the cost of installation of such water and sewer services by paying 50 percent of the revenues it received from such water and sewer services until his investment was repaid, the time of such payments not to exceed 10 years. The appellee further alleged that such agreement between Mr. Callihan and the City of Nederland was evidenced by an ordinance passed September 8, 1947. Appellee further alleged that the appellant City took over the water system when completed and began payments to him under such agreement and paid to him and his associate or partner sums of money in 1949, 1950, 1951, 1952 and 1953, that thereafter the City continued to use the water system and collect revenue therefor but made no payments for the third and fourth quarters for the year 1953, and has made no payments since that time. Appellee in the alternative alleged that the appellant City was estopped to deny such contract and had ratified it by its subsequent actions, and further alleged in the alternative that the appellee was entitled to recover the reasonable value of such systems accepted and retained by the appellant City. The appellant answered by general denial.

The trial was to a jury and the jury by its verdict found in answer to special issues that on September 8, 1947, A. H. Callihan agreed with the City Council of the City of Nederland that he would construct

water and sewer lines in the West Side Addition; that such City Council agreed that the City of Nederland would reimburse Callihan at the rate of 50 percent of the revenue from the water and sewer services derived from the West Side Addition until the total investment is paid, not to exceed 10 years; that thereafter the City of Nederland made quarterly payments to Callihan of 50 percent of the revenue derived from said water and sewer systems, that after September 8, 1947 Callihan had the water and sewer lines constructed and thereafter the City of Nederland accepted said lines as an extension of existing City water and sewer systems, that Callihan's reasonable expenses in installing said lines was $7,234.88, that Callihan in so constructing the water and sewer lines in the West Side Addition acted in good faith, that the City Council of Nederland in passing the motion of September 8, 1947 and in making payments to Callihan acted in good faith, that following the construction of the water and sewer lines the City of Nederland took possession and control of said systems, that the fair and reasonable value in Jefferson County of Callihan's investment in such systems from the date when the City took possession and control of it was $7,234.88, that following the construction of the water and sewer lines in West Side Addition through July, 1953, the City of Nederland collected revenue from such systems and appropriated 50 percent thereof to its own use and benefit, that from July, 1953 to the present date the City of Nederland collected the revenue from said water and sewer systems and appropriated the entire amount to its own use and benefit, that Callihan relied upon the resolution of the City Council of Nederland, dated September 8, 1947, and that a person of ordinary prudence under the same or similar circumstances would have done so, that after September 8, 1947, Callihan had the water and sewer lines constructed and would not have done so but for his reliance upon the resolution of the City Council of the City of Nederland of September 8, 1947, that after September 8, 1947 the City of Nederland knew that Callihan contended that it had agreed to pay him 50 percent of the revenue derived from the water and sewer systems in exchange for such water and sewer systems, that with such knowledge the City of Nederland paid Callihan through July, 1953, on the basis of his contention from such revenue, that the City of Nederland did not advise Callihan that it did not consider itself bound to pay him on the basis of his contention from the revenue of the water and sewer systems of the West Side Addition within a reasonable time after acquiring knowledge of his contention.

The appellant filed a motion for instructed verdict at the conclusion of the plaintiff's evidence, which was overruled by the trial court, and also filed a motion for judgment non obstante veredicto, which was also overruled. The court entered judgment for the appellee against the appellant for the sum of $2,209.83, without prejudice to her rights to collect from the appellant for further amounts falling due subsequent to September 1, 1955. The appellant presented its motion for new trial, which was overruled, and the appellant has perfected its appeal to this court.

By its points of error Nos. 1, 2, 3, 4, 5, 6, and 8, which are presented together in its brief, appellant contends that the trial court erred in overruling its motion for instructed verdict and rendering judgment against it for the reasons that (1) there was no evidence of a contract entered into between Callihan and the City of Nederland, (2) that there was no evidence of a contract created by an ordinance or by a formal resolution that would be binding upon the appellant, (3) there was no evidence of any reliance by Callihan to his detriment upon any act or motion of the appellant, (4) the evidence shows that any payments made by the appellant to Callihan or Mrs. Callihan would constitute a gift by the City, such as is prohibited by the Constitution of the State of Texas, (5)

there was no evidence offered by the appellee to show any right of recovery under either a contract, estoppel or ratification, (6) because any obligation created under the allegations of the appellee's petition would be contrary to the provisions of the Vernon's Ann. State Constitution, particularly Article 11, Sec. 5 and Article 11, Sec. 7. Under its 7th point of error the appellant contends that there was no evidence introduced and no issues submitted to the jury upon which the judgment could be based in regard to any damage in any specific amount suffered by appellee.

Appellant's points of error Nos. 9 and 10 read as follows:

"Point of Error IX

"The error of the court in overruling defendant's objections to each of the issues No. 1 through issue No. 20 of the charge of the court."

"Point of Error X

"The error of the court in overruling and refusing to submit Defendant's requested issues No. 1 through No. 30."

█ These last two points of error are insufficient to direct the attention of this court to any errors complained of in regard to objections to the issues in the court's charge, and to the appellant's requested Issues Nos. 1 through 30. See: Texas Life Ins. Co. v. Jordan, Tex.Civ.App., 253 S.W. 2d 906; Morrow v. Flores, Tex.Civ.App., 225 S.W.2d 621. Points Nos. 9 and 10 were not briefed in the appellant's brief and it is not necessary to consider them. We note in passing, however, that the general argument of the appellant under points 9 and 10 is based upon its contentions made and presented under the remaining eight points, that there was no evidence in the case to show a binding contract on the part of the appellant with Mr. Callihan and no estoppel or ratification of such an agreement and no ground for an equitable recovery upon

such an attempted agreement. All of these matters will be considered below under the first named group of points.

We consider first the contention of the appellant that the evidence fails to show any contract at all between the City of Nederland and A. H. Callihan. It says that the appellee's whole case regarding a contract by the City of Nederland to reimburse Callihan for water and sewer lines he installed in the West Side Addition is based entirely upon minutes of a meeting of the City Council showing the action taken September 8, 1947. The minutes of the meeting of such City Council show the following action:

"Motion by E. L. Gish and 2d by D. Chester that Mr. Callihan be reimbursed at the rate of 50% of the revenue from the water and sewer services derived from the West Side Addition until the total investment is paid, and is not to exceed ten years. All voting aye."

It says that such a motion taken at its best was an attempt on the part of the City of Nederland to make a gift of City funds or was an attempt to delegate the authority of the City to contract in regard to permanent improvements, which attempt was invalid, void and of no effect. We do not agree with this contention of the appellant. The evidence shows that the West Side Addition to the City of Nederland was platted and dedicated, and the plat recorded in the County records of Jefferson County in January, 1947. In 1947 the City of Nederland was in bad financial shape and on February 10, 1947 the following action was taken by the City Council as shown by the minutes:

"Motion made by Mr. Roach and 2nd by A. D. Marcontell that in future when landowner request extension or addition to present sewer and water lines within the city limits, the landowner must bear all expenses for said addition or extension, the city to reimburse the landowner on proration

basis of each connection, less the usual water and sewer tap charges. Said extensions or additions to be supervised by city and to meet all city requirements. All voting aye."

This February 10, 1947 action by the City of Nederland appears to be the missing link so far as the appellant is concerned as to the essential elements of the contract between Callihan and the City of Nederland by which Callihan installed the water and sewer lines in his West Side Addition and the City agreed to reimburse him for his expenditure by paying him one-half of all revenue from the water and sewer lines received from the West Side Addition, paying him 50 percent of such receipts until he would be reimbursed, the time for such payments not to exceed 10 years. There was evidence that Callihan wished to put in water and sewer lines in the West Side Addition piecemeal, that is, to install the lines in a few blocks of the addition at first and then later add more lines as the property was sold and new houses were built. The City Council insisted that the lines be placed throughout the West Side Addition and that the laying of such lines should be under the supervision of the City, and should be done in accordance with the City's requirements for water and sewer lines.

There was evidence that Callihan made his agreement with Beaumont Construction Company to put down the lines for him on May 22, 1947, and the work was begun shortly after that time. Appellant argues that since Callihan had already contracted to install his water and sewer lines in May, that the September 7th motion by the City Council to reimburse him could not have served as an inducement to Callihan to lay the water and sewer lines. Appellant says that such an action by the City Council in September, 1947, does not voice or evidence a contract with Callihan, since the line laying was already done or contracted for and that, therefore, such an action by the City Council was a void attempt to make a gift of the money to Mr. Callihan

by the City. The fact of the February 10, 1947 action by the City Council shows the policy of the City in regard to payment for water and sewer lines in additions to the City of Nederland in keeping with the contract sued upon by Mr. Callihan here. The appellant ignores this February 10th action by the City Council in its brief. In addition there was evidence that Callihan desired first to install only a portion of the water and sewer lines, but on the insistence of the City authorities, installed the lines throughout the West Side Addition. The additional fact that the City of Nederland did take over the operation of the water and sewer lines and make payment to Callihan for several years on the basis of 50 percent of the revenue received from the water and sewer services in the West Side Addition support the jury's finding of the agreement between Callihan and the City for such payment and reimbursement.

■ We think these facts, and particularly the action of the City Council, by its February, 1947 motion announcing to all subdivision owners that if a landowner wanted an extension of sewer and water lines to an addition or extension the landowner must bear all expenses and the City would reimburse him on a proration basis, constitute facts sufficient to show that Callihan did rely on such action by the City Council when he made his contract with Beaumont Construction Company in May, 1947, and began to install water and sewer lines.

■ The appellant contends that if there was an agreement between Callihan and the City Council to purchase his water and sewer lines and reimburse him in the amounts set out above, then such contract was void. It contends that a valid contract in this regard by the City could be made only by an ordinance or resolution formally introduced and passed by the City Council. It relies on the City of Waco v. Prather, 90 Tex. 80, 37 S.W. 312; McKenzie Construction Co. v. City of San

Antonio, Tex.Civ.App., 50 S.W.2d 349. No specific section of the charter of the City of Nederland was shown which requires that a contract be made by ordinance, and in the absence of such a specific requirement of the charter of the City of Nederland, then oral contracts made by its qualified officers are binding upon the City. See: City of Kirbyville v. Smith, Tex.Civ.App., 104 S.W.2d 564, by this court, and cases cited therein. On authority of City of Brownsville v. Tumlinson, Tev.Civ.App., 179 S.W. 1107 and Crabb v. Uvalde Paving Co., Tex.Com.App., 23 S.W.2d 300, we hold that the minutes of the City Council were a sufficient showing of a contract between Callihan and the City.

■ The appellant also contends that the alleged agreement was void and of no effect, because it was in violation of Section 5 of the Constitution of Texas in that it was an attempt to create a debt of the City without providing at the same time by assessment and levy of a tax by which the debt was to be paid. The appellant relies on the case of Citizens' Bank v. City of Terrell, 78 Tex. 450, 14 S.W. 1003. This case was decided before the Legislature by Article 1111, Vernon's Annotated Civil Statutes of Texas, specifically gave to all cities and towns the right to purchase water and sewer systems, and provided that no obligation therefor should be a debt of such city or town but should be solely a charge on such properties of cities so encumbered. We think it is well established by many holdings of the Supreme Court that purchase of a utility system by a municipality to be paid for out of revenue from the system purchased does not create a debt against the city and does not constitute a violation of the Constitutional inhibition against creating a debt without at the same time providing for payment by the assessment and levy of a tax. City of Dayton v. Allred, 123 Tex. 60, 68 S.W. 2d 172, is the leading authority on this point. The City of Nederland here had the lawful authority to purchase the water and sewer lines from Callihan in the manner in which this record shows was followed by both parties. The agreement to reimburse Callihan could not under any circumstance become a charge against the tax funds of the City of Nederland, and payments to him could be made only in the event that houses were built in the West Side Addition and that the occupants bought water and used the sewer line taken over by the City and paid revenue to the City for such services. The City had full authority to agree to pay Callihan for his water and sewer systems by paying him one-half of what money they should receive, if any, from the use of his water and sewer lines by residents of the West Side Addition. The City in this way made a good bargain. It paid out no money except for the supervision of the laying of the lines and in return therefor it received and is still receiving revenue from users of the water and sewer lines. Callihan on the other hand might gain or might lose under this contract at the time it was made. If he was not successful in selling his lots in the addition, and getting people to build houses thereon and make use of the water and sewer lines and pay for such use to the City of Nederland, then he would receive no reimbursement for his investment.

■ We are unable to see any delegation of authority by the City Council to Callihan of the City's right to install water and sewer lines, as is contended for by the appellant. The agreement with Callihan, as we view it, did not constitute a delegation of any authority to him by the City. It was simply a non-expense method, adopted by the City of Nederland, by which it acquired an addition to its water and sewer lines, by agreement to pay for such addition only out of the proceeds to be received in the future for the use of said lines so acquired.

■ The appellant says that there could be no estoppel against the City of

Nederland to deny the existence of said contract sued upon, because such contract was void ab initio. We believe there was a contract and a valid contract between the parties, but if we are in error we believe the evidence is sufficient to show that the City of Nederland has accepted performance of such an attempted contract and has enjoyed the benefits therefrom and the City should now be and is estopped to deny that there was such a contract. It is well established that a city which has entered into a contract that it could not lawfully make, cannot be held liable for its breach upon the ground of estoppel, but it is also well established that a city may be estopped to deny the validity of a contract which it had been authorized to make, but which was executed by an officer without authority, or was entered into without the required formalities, and even where the records of the city do not show that such a contract was ever entered into. If the city accepts performance from the other party and enjoys the benefits accruing to it therefrom, it is bound to perform the obligations imposed upon it by the contract. Panhandle Construction Co. v. City of Spearman, Tex. Civ.App., 89 S.W.2d 1053; Boiles v. City of Abilene, Tex.Civ.App., 276 S.W.2d 922; Guadalupe Blanc River Authority v. City of San Antonio, 145 Tex. 611, 200 S.W.2d 989.

We hold, therefore, that the City of Nederland had authority to purchase from Callihan the water and sewer systems in the manner as shown by the minutes of the City Council, dated September 8, 1947; that an agreement was made between the City of Nederland and Callihan, as found by the jury in its verdict; that the City of Nederland has accepted all the benefits under such agreement and since 1953 has retained all the money collected and received from users of the water and sewer systems in the West Side Addition; that by such performance and actions of the City of Nederland, it is estopped to deny the existence of such a contract; that the City of Nederland by its actions since 1947 has ratified the agreement between the City Council and Callihan; that Callihan had fully performed his agreement and the City of Nederland has accepted all the benefits of such contract; that Callihan or his legal successor in interest can compel performance by the City of Nederland of the remainder of its contract with him to reimburse him.

The matter of the amount of judgment was purely a matter of arithmetic. The records of the City show how much money had been collected from the users of the water and sewer lines in the West Side Addition, how much was due Callihan under the 50 percent reimbursement agreement, and how much had been paid by the City to Callihan. The undisputed record in evidence showed that through September, 1955, the City under such agreement with Callihan should have paid him $2,032.78, with interest at 6 percent from the date each quarterly payment was due until September, 1955, totalling $176.05. Judgment was entered for the total of these two amounts, $2,209.83, and it is undisputed in the record that this is the correct amount of the judgment.

We find no error in the record of the trial, and the judgment is accordingly affirmed.