

# The Attorney General of Texas

March 11, 1983

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

0 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza. Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. C. A. Wilkins
Executive Director, Tx. Aeronautics Comm.
P. O. Box 12607, Capitol Station
Austin, Texas   78711

Opinion No. JM-9

Re:   Loans  to  cities  and
counties   by   the   Texas
Aeronautics Commission

Dear Mr. Wilkins:

You have asked whether the Texas Aeronautics Commission is prohibited by the Texas Constitution from making loans to cities and counties for airport construction and development without requiring them to provide a revenue source for the payment of interest and the creation of a sinking fund to retire the debt.

Article 46c-6, subdivision 10, V.T.C.S., as amended in 1981, authorizes the commission to provide funds "through loan agreements or grant contracts" to any governmental entity in the state "for the establishment, construction, reconstruction, enlargement or repair of airports, airstrips, or air navigational facilities." In Attorney General Opinion H-416 (1974), this office concluded that subdivision 10 of the statute, as it then read, was not violative of the constitutional prohibitions against loans and grants of public funds for improper purposes. The opinion did not address the constitutional authority of a municipality to assume debt, however.

Two provisions of the Texas Constitution speak to the assumption of debt by cities and counties. Section 5 of article 11 declares that "no debt shall ever be created by any city, unless at the same time provision be made to assess and collect annually a sufficient sum to pay the interest thereon and creating a sinking fund of at least two percent thereon." Section 7 of article 11, as amended in 1973, reads in part:

> [N]o debt for any purpose shall ever be incurred in any manner by any city or county unless provision is made, at the time of creating the same, for levying and collecting a sufficient tax to pay the interest thereon and provide at least two percent (2%) as a sinking fund; . . .

The Texas Supreme Court has defined the term "debt" used in the foregoing provisions as "any pecuniary obligation imposed by contract, except such as were, at the date of the contract, within the lawful and reasonable contemplation of the parties, to be satisfied out of current revenues for the year, or out of some fund then within the immediate control of the corporation." Neill v. City of Waco, 33 S.W.322, 324 (Tex. 1895); Stevenson v. Blake, 113 S.W.2d 525, 527 (Tex. 1938). See also Brown v. Jefferson County, 406 S.W.2d 185, 188 (Tex. 1966); City of Wichita Falls v. Kemp Public Library Board of Trustees, 593 S.W.2d 834 (Tex. Civ. App. - Fort Worth 1980, writ ref'd n.r.e.). A loan agreement or "contract grant" which obligates a city or county upon some contingency or at a time certain to repay the amount of the loan or grant, or to undertake some other monetary obligation, is a "debt" within the constitutional meaning if the obligation is not to be satisfied out of current revenues or a fund currently within the control of the governmental unit.

The Commission of Appeals noted in Andrus v. Crystal City, 265 S.W.550 (Tex. Comm'n App. 1924), that no purchase authorized by a statute could be valid which violated these express provisions of the constitution. Id. at 522. The court concluded, however, that the statute at issue there contemplated compliance with, rather than violation of, sections 5 and 7 of article 11. Id. See also Wheeler v. City of Brownsville, 220 S.W.2d 457 (Tex. 1949). We reach a similar conclusion here. Subsection (a) of subdivision 10, article 46c-6, V.T.C.S., expressly requires that any funds provided by the commission "must be expended by the governmental entity . . . in conformity with the laws of this state." In our opinion, the instant legislation contemplates that the commission will not make loans or grants to cities or counties that would create debts in the constitutional sense. Agreements to do so would be void, in any event. See T. & N.O.R.R. Company v. Galveston County, 169 S.W.2d 713 (Tex. 1943); Andrus v. Crystal City, supra.

We advise that the Texas Aeronautics Commission is without authority to make loans or grants to cities or counties that have not complied with sections 5 and 7 of article 11 of the Texas Constitution, if applicable.

In anticipation of the answer given to your first question, you have also asked how the commission should comply with its statutory responsibility to make loans.

First, we note that article 46c-6, subdivision 10, V.T.C.S., is not a legislative mandate that the commission make loans. Subdivision 10, subsection (a), declares that the commission "may provide funds, through loan agreements or grant contracts, appropriated to it for that purpose by the Legislature." Subsection (f) of subdivision 10 does say that "[l]oans shall be made in lieu of grants whenever

feasible . . .", but it stops far short of issuing an imperative that the commission make loans to cities and counties.

Assuming -- without deciding -- that there are no other constitutional impediments, there is nothing to prevent cities and counties from complying with the "debt" provisions in order to obtain loans or grants from the commission. See, e.g., City of Dayton v. Allred, 68 S.W.2d 172 (Tex. 1934); City of Ingleside v. Stewart, 554 S.W.2d 939, 946 (Tex. Civ. App. - Corpus Christi 1977, writ ref'd n.r.e.); City of Nederland v. Callihan, 299 S.W.2d 380 (Tex. Civ. App. - Beaumont 1957, writ ref'd n.r.e.).

### S U M M A R Y

The Texas Aeronautics Commission is without authority to make loans or grants to cities or counties that have not complied with sections 5 and 7 of article 11 of the Texas Constitution, if applicable.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Jim Moellinger
Bruce Youngblood